United States District Court
Southern District of Texas
**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DAVID MORALES, §<br>"Movant," §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>"Respondent." §<br>§ | Civil Action No. 1:24-cv-0008 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 22) and Movant's "Motion to Re-Label 2255 from Amended to Supplemental and Motion Objecting to the R&R" ("Objections") (Dkt. Nos. 25, 26).[1] The R&R recommends that the Court (1) Dismiss Morales's Original and Amended Motions; (2) Decline the issuance of a certificate of appealability; and (3) Direct the Clerk of the Court to close this case. Dkt. No. 22 at 1. After reviewing the record and applicable law, the R&R (Dkt. No. 22) is **ADOPTED** for the reasons below.

### I. BACKGROUND

On January 11, 2023, the Court sentenced Movant to 144 months' imprisonment, after he pleaded guilty to one count of possession with the intent to distribute a quantity exceeding fifty grams of methamphetamine. *See United States v. Morales*, 1:20-cr-00469-1, Dkt. Nos. 33, 35, 60 at 2–3, 65 at 7–8.[2] The Court entered judgment January 20, 2023, and Movant did not file a direct appeal. CR Dkt. Nos. 59 at 2, 60 at 2, 35 at 4–5; Dkt. No. 1 at 2. Judgment thus became final February 3, 2023.

On February 2, 2024, Movant filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Original Motion") (Dkt. No. 1). Upon realizing Movant's filing was missing multiple pages, the magistrate judge ordered Movant to "supply the missing pages of his Motion or to file an Amended § 2255 motion subject to all relevant procedural requirements . . . ." Dkt. No. 4. On March 11, 2024, Movant filed his

---

[1] The Court notes that Dkt. Nos. 25 and 26 are identical documents that include Defendant's Objections and his "Motion to Re-Label."

[2] Docket entries from Movant's criminal case will be referred to with the designation "CR Dkt. No."

1

"Amended 2255 Motion . . ." (Dkt. No. 10) ("Amended Motion") raising five new grounds for relief based on ineffective assistance of counsel. Dkt. No. 10.

## II. LEGAL STANDARD

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### A. 28 U.S.C. § 2255

A prisoner may move to vacate, set aside, or correct his sentence upon four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citing 28 U.S.C. § 2255). Motions under § 2255 must be filed within one year from the latest of certain specified dates. 28 U.S.C. § 2255(f); *see also United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012) (noting that ineffective assistance of counsel claims brought under § 2255 are subject to § 2255's one-year limitations period).

Movant's limitations period started on the date judgment of his conviction became final. *Scruggs*, 691 F.3d at 668; 28 U.S.C. § 2255(f)(1). Movant's conviction became final February 3, 2023. *See Scruggs*, 691 F.3d at 669; FED. R. APP. P. 4(b)(1)(A)(i).

### B. FEDERAL RULE OF CIVIL PROCEDURE 15

Claims raised in an amended § 2255 motion filed after the one-year statute of limitations are untimely unless the amendment relates back to a timely raised claim under Federal Rule of Civil Procedure 15(c). FED. R. CIV. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Rule 15(c) provides: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c). In the context of § 2255 motions, amended motions must "state claims that are tied to a common core of operative facts" beyond just arising from the same "trial, conviction, or sentence." *Mayle*, 545 U.S. at 656; *see also United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005) ("[I]n the habeas corpus context, the Rule 15 'relation back' provision is to be strictly construed, in light of 'Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them].'" (quoting *Mayle*, 545 U.S. at 657)).

### C. CERTIFICATE OF APPEALABILITY

Rule 11 of the "Rules Governing Section 2255 Proceedings" provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may only issue if the "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing when claims have been dismissed on procedural grounds, a petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). District courts may decline to issue certificates of appealability sua sponte without further briefing and argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

### III. DISCUSSION

Movant's claims in his Amended Motion are untimely under the one-year statute of limitations period because they do not relate back to those raised in his Original Motion. Though the Court acknowledges pro se defendants must be given broad discretion, Movant's new claims do not relate back to his Original Motion. Movant's request to re-label his Amended Motion as a supplemental motion unfortunately does not cure the issue, as the magistrate judge did not grant Movant leave to file new claims after the limitations period expired, and Movant had no right to do so. *See* Dkt. No. 4. Importantly, the magistrate judge only allowed for the filing of an amended motion "subject to all relevant procedural requirements[,]." The limitations period serves as a strict deadline for bringing claims that do not relate back to the Original Motion. Dkt. No. 4.

Movant does not support the claim that the "knowledge was gained less than a year ago, and therefore, . . . the subsequent challenges are timely . . .[.]" Dkt. No. 25 at 2. 28 U.S.C. § 2255(f) provides that the one-year limitations period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" if later than the date the judgment became final. 28 U.S.C. § 2255(f)(4). Yet Movant does not argue or explain why through due diligence he could not have discovered potential ineffective assistance of counsel during the limitations period.

The Court agrees Movant's Original Motion does not provide "independently coherent grounds for relief under § 2255, and . . . should be dismissed." Dkt. No. 22 at 6; *see United States v. Harrison*, 910 F.3d 824, 826 (5th Cir. 2018) (noting that a hearing is not required, and a § 2255

3

motion may be dismissed, when "the movant's claims are clearly frivolous or based upon unsupported generalizations").

The Court declines to issue a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right.

### IV. CONCLUSION

For these reasons, after de novo review, the Court **ADOPTS** the R&R (Dkt. No. 22). Movant's Objections (Dkt. Nos. 25, 26) are **OVERRULED**. Movant's "Motion to Re-Label . . ." (Dkt. Nos. 25, 26) is **DENIED**. Movant's Original Motion (Dkt. No. 1) and Amended Motion (Dkt. No. 10) are **DISMISSED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 9th day of October, 2024.

Rolando Olvera
United States District Judge